Local Form 4 (Chapter 13 Plan)

December 2017

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

IN RE:

Kimberlyne Greenwood Roundtree
Steven Devan Roundtree

Case No.

Debtor(s)     Chapter 13

# Chapter 13 Plan – Local Plan for the Western District of North Carolina

The following is the Chapter 13 Plan proposed by the above-named debtor or debtors ("Debtor").

**Part 1:** Notices: To Creditors and Other Parties in Interest

Your rights may be affected by this Plan. Your claim may be reduced, modified, or eliminated.

You should read this Plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. *This is a Local Plan with changes from the National Plan. Please review carefully and, specifically, refer to Part 8 for nonstandard provisions.*

If you do not want the Court to confirm the Debtor's proposed Plan, or if you want the Court to consider your views on these matters, then you and/or your attorney must file a written objection to confirmation and request for hearing on confirmation at one of the following addresses:

**Cases filed in the Charlotte or Shelby Divisions:**
Physical & Mailing Address: Clerk, U.S. Bankruptcy Court, 401 West Trade Street, Room 111, Charlotte, N.C. 28202

**Cases filed in the Statesville Division:**
Physical Address: Clerk, U.S. Bankruptcy Court, 200 West Broad Street, Room 301, Statesville, N.C. 28677
Mailing Address: Clerk, U.S. Bankruptcy Court, 401 West Trade Street, Room 111, Charlotte, N.C. 28202

**Cases filed in the Asheville or Bryson City Divisions:**
Physical & Mailing Address: Clerk, U.S. Bankruptcy Court, 100 Otis Street, Room 112, Asheville, N.C. 28801-2611

Your objection to confirmation and request for hearing must include the specific reasons for your objection and must be filed with the Court no later than 21 days following the conclusion of the § 341 meeting of creditors. If you mail your objection to confirmation to the Court for filing, you must mail it early enough so that the Court will receive it on or before the deadline stated above. You must also serve a copy of your objection to confirmation on the Debtor at the address listed in the Notice of Chapter 13 Bankruptcy Case. The attorney for the Debtor and the Chapter 13 Trustee will be served electronically. If any objections to confirmation are filed with the Court, the objecting party must provide written notice of the date, time, and location of the hearing on the objection. **No hearing will be held unless an objection to confirmation is filed.** If you or your attorney do not take these steps, the Court may decide that you do not oppose the proposed Plan of the Debtor and may enter an order confirming the Plan.

The following matters may be of particular importance. *The Debtor must check one box on each line to state whether or not the Plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the Plan.*

| 1.1 | A limit on the amount of a secured claim that may result in a partial Payment or no payment at all to the secured creditor (Part 3.2) | x | Included |  | Not Included |
|---|---|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money Security interest (Part 3.4) |  | Included | x | Not Included |

1

| | | | | | |
|---|---|---|---|---|---|
| 1.3 | Request for termination of the 11 U.S.C. § 362 stay as to surrendered Collateral (Part 3.5) | | Included | x | Not Included |
| 1.4 | Request for assumption of executory contracts and/or unexpired leases (Part 6) | | Included | x | Not Included |
| 1.5 | Nonstandard provisions | x | Included | | Not Included |

## Part 2: Plan Payments and Length of Plan

**2.1 Debtor will make regular payments to the Chapter 13 Trustee as follows:**

$ __5515.00__ per __Month__ for __60__ months

$ _____ per _____ for _____ months

Or

$ _____ Per _____ For a _____ percentage composition to be paid to general unsecured creditors

**2.2 Regular payments to the Chapter 13 Trustee will be made from future income in the following manner:**
*Check all that apply:*

[x] Debtor will make payments directly to the Chapter 13 Trustee.
[ ] Debtor will make payments pursuant to a payroll deduction order.
[ ] Other (specify method of payment): _____

**2.3 Additional payments.**
Check one.

[x] None. *If "None" is checked, the rest of Part 2.3 need not be completed or reproduced.*
[ ] Debtor will make additional payment(s) to the Chapter 13 Trustee from other sources, as Specified below. Describe the source, estimated amount, and date of each anticipated payment.

## Part 3: Treatment of Secured Claims

**3.1 Maintenance of payments and cure of default, in any.** *Conduit mortgage payments, if any are Included here.*
Check one.

[ ] None. *If "None" is checked, the rest of Part 3.1 need not be completed or reproduced.*

[x] The Debtor will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed by the Chapter 13 Trustee, directly by the Debtor, or as otherwise specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the Chapter 13 Trustee, with interest, if any, at the rate stated. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the Court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the Plan.

| Name of creditor | Collateral | Value of Collateral | Current installment payment (including escrow) | Amount of arrearage (if any) | Interest rate on arrearage (if applicable) |
|---|---|---|---|---|---|
| Freedom Mortgage Corporation | 8456 Twickenham Terrace, Harrisburg, NC 28075 | $ 575,000.00 | $ 2845.00 | $ 32,000.00 | 0% |
| | | | Disbursed by: [x] Trustee | | |

2

☐ Debtor
☐ Other

*Please explain any disbursements to be made by someone other than the Chapter 13 Trustee or the Debtor:*

*Insert additional claims as needed.*

**3.2  Request for valuation of security, payment of fully secured claims, and modifications of undersecured claims.**
Check one.

☐ **None.** *If "None" is checked, the rest of Part 3.2 need not be completed or reproduced.*

***The remainder of this paragraph will be effective only if the applicable box in Part 1 of this Plan is checked.***

[x] The Debtor requests that the Court determine the value of the secured claims listed below. For each nongovernmental secured claim listed below, the Debtor states that the value of the secured claim should be as set out in the column headed *Amount of secured claim*. For secured claims of governmental units, unless otherwise ordered by the Court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below. Payments on the secured claims will be disbursed by the Chapter 13 Trustee, the Debtor directly, or as otherwise specified below.

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this Plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this Plan. Unless otherwise ordered by the Court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

The holder of any claim listed below as having value in the column headed Amount of secured claim will retain the lien on the property interest of the Debtor or the estate until the earlier of:
(a)   Payment of the underlying debt determined under nonbankruptcy law, or
(b)   Discharge of the underlying debt under 11 U.S.C. §1328, at which time the lien will terminate and be released by the creditor.

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of Collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate |
|---|---|---|---|---|---|---|
| Founders Federal Credit Union | $4972.00 | 2014 Nissan Sentra, Purchased 2017 Mileage unknown | $4,000.00 | $0 | $4972.00<br>Disbursed by:<br>☐ Trustee<br>☐ Debtor<br>[x] Other:<br>See Below and Special Terms | 0% |

*Please explain any disbursements to be made by someone other than the Chapter 13 Trustee of the Debtor:*
**The Debtors co-signed this car loan for their son, Michael Roundtree. The 2014 Nissan is Michael Roundtee's primary vehicle. The monthly car payment to Founders Federal Credit Union is paid directly by Michael Roundtree and will continue to be paid directly and outside of this Chapter 13 Plan. The Chapter 13 Trustee shall not make payments to Founders Federal Credit Union for the 2014 Nissan Sentra.**
*Insert additional claims as needed.*

**3.3  Secured claims excluded from 11 U.S.C. §506.**
Check one.

☐ **None.** *If "None" is checked, the rest of Part 3.3 need not be completed or reproduced.*

[x] The claims listed below were either:

3

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or

(2) incurred within 1 year (365 days) of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the Plan with interest at the rate stated below. These payments will be disbursed by the Chapter 13 Trustee, directly by the Debtor, or as otherwise specified below.

| Name of creditor | Collateral | Amount of claim | Interest rate |
|---|---|---|---|
| Freedom Road Financial | Tiger Exp. Triumph Mileage 9300 Purchased 2019 | $2600.00 Disbursed by: [x] Trustee [ ] Debtor [ ] Other: | 5.25% |
| Nissan Motor Acceptance Corp. | 2018 Nissan Murano 34,000 miles Purchased 2019 | $30,800.00 Disbursed by: [x] Trustee [ ] Debtor [ ] Other: | 5.25% |

*Please explain any disbursements to be made by someone other than the Chapter 13 Trustee of the Debtor:*

*Insert additional claims as needed.*

3.4   **Lien avoidance.**
Check one.

[x] **None.** *If "None" is checked, the rest of Part 3.4 need not be completed or reproduced.*

**The remainder of this paragraph will be effective only if the applicable box in Part 1 of this Plan is checked.**

[ ] The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the Debtor would have been entitled under 11 U.S.C § 522(b). Unless otherwise ordered by the Court, a judicial lien or security interest securing a claim listed below will be treated as avoided to the extent that it impairs such exemptions upon entry of the order confirming the Plan and avoided pursuant to 11 U.S.C. § 522(f) upon completion of the Plan. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 5 of this Plan to the extent allowed. The amount, if any, of the judicial lien or security that is not avoided will be paid in full as a secured claim under the Plan and disbursed by the Chapter 13 Trustee, directly by the Debtor, or as otherwise specified below. *If more than one lien is to be avoided, provide the information separately for each lien.*

| Name of creditor | Collateral | Lien indentification (such as Judgement date, date of lien Recording, book and page Number) | Amount of claim remaining after avoidance | Interest rate |
|---|---|---|---|---|
| | | | $ Disbursed by: [ ] Trustee [ ] Debtor [ ] Other: | % |

\Please explain any disbursements to be made by someone other than the Chapter 13 Trustee of the Debtor:

*Insert additional claims as needed.*

### 3.5 Surrender of collateral.
Check one.

[X] **None.** *If "None" is checked, the rest of Part 3.5 need not be completed or reproduced.*

**The remainder of this paragraph will be effective only if the applicable box in Part 1 of this Plan is checked.**

[ ] The Debtor elects to surrender to each creditor listed below the collateral that secures the creditor's claim. The Debtor requests that, upon confirmation of this Plan, the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under 11 U.S.C. § 1301 be terminated in all respects. **(Notice to the Co-Debtor is required to terminate the § 1301 co-debtor stay.)** Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 of this Plan below.

| Name of creditor | Collateral | Claim Amount |
|---|---|---|
|  |  | $ |

*Insert additional claims as needed.*

## Part 4: Treatment of Fees and Priority Claims

### 4.1 General

The Chapter 13 Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in Part 4.5 below, will be paid in full without post-petition interest. Payments on all fees and priority claims, other than domestic support obligations, will be disbursed by the Chapter 13 Trustee, rather than the Debtor directly.

Payments on all domestic support obligations listed in Parts 4.4 and 4.5 below will be disbursed by the Debtor directly, rather than by the Chapter 13 Trustee, unless otherwise specifically provided in Part 8 of the Plan. This provision includes all regular post-petition payments, as well as any pre-petition or post-petition payment arrearages that may exist.

### 4.2 Chapter 13 Trustee's fees

The Chapter 13 Trustee's fees are governed by statute and may change during the course of the case.

### 4.3 Debtor's Attorney's fees
(a) The total base attorney's fee is $4,500.00.
(b) The balance of the base fee owed to the attorney is          $3050.00

### 4.4 Priority claims other than attorney's fees and those treated in Part 4.5.
Check all that apply.

[ ] **None.** *If "None" is checked, the rest of Part 4.4 need not be completed or reproduced.*

[X] Section 507(s) priority claims other than domestic support obligations *(generally taxes and other government obligations).*

| Name of creditor | Claim Amount |
|---|---|
| IRS | $53,000.00 |
| NC DOR | $2,000.00 |

[ ] Domestic Support Obligations

5

| Name of creditor | Mailing Address (incl. City, state and zip code) | Telephone # | Pre-petition Arrearage Amount, if any |
|---|---|---|---|
| | | | $ |
| | | | $ |

**4.5 Domestic support obligations assigned or owed to a governmental unit and paid less than full Amount.**
Check one.

[x] **None.** *If "None" is checked, the rest of Part 4.5 need not be completed or reproduced.*

[ ] The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim under 11 U.S.C. § 1322(a)(4). *This plan provision requires that payments in Plan Part 2.1 above be for a term of 60 months.*

| Name of creditor | Amount of claim to be paid |
|---|---|
| | $ |

*Insert additional claims as needed.*

## Part 5: Treatment of Nonpriority Unsecured Claims

**5.1 Nonpriority unsecured claims not separately classified.**
Allowed nonpriority unsecured claims that are not separately classified will be paid pro rata by the Chapter 13 Trustee. If more than one option is checked, the option providing the largest pro rata payment will be effective.

[x] The funds remaining after disbursements have been made to all other creditors provided for in this Plan, for an estimated payout of __1__ % **(This is a base plan.)**

OR

[ ] Payment of a ____ % composition as set forth in Part 2 of the Plan. **(This is a percentage plan.)**

**5.2 Maintenance of payments and cure of any default on nonpriority unsecured claims.**
Check one.

[ ] **None.** *If "None" is checked, the rest of Part 5.2 need not be completed or reproduced.*

[x] The Debtor will maintain the contractual installment payments and cure any default in payments on the unsecured claims listed below on which the last payment is due after the final plan payment to the Chapter 13 Trustee. These payments will be disbursed either by the Chapter 13 Trustee, directly by the Debtor, or as otherwise specified below. The principal amount of the claim for the arrearage amount will be paid in full.

| Name of creditor | Current installment Payment | Amount of arrearage |
|---|---|---|
| Department of Education/Great Lakes | $215.00 | $0 |
| | Disbursed by:<br>[ ] Trustee<br>[x] Debtor<br>[ ] Other:<br>See Below and Special Terms. | Disbursed by:<br>[ ] Trustee<br>[x] Debtor<br>[ ] Other: |

6

| Department of Education / Nelnet | | $115.00 | $ |
|---|---|---|---|
| | | Disbursed by:<br>[ ] Trustee<br>[x] Debtor<br>[ ] Other:<br>See Below and Special Terms. | Disbursed by:<br>[ ] Trustee<br>[x] Debtor<br>[ ] Other: |

*Please explain any disbursements to be made by someone other than the Chapter 13 Trustee or the Debtor:*
The Debtors shall pay for all of their student loans, including US Department of Education Great Lakes and the Department of Education Nelnet directly and outside of the Chapter 13 Plan. The Chapter 13 Trustee shall not make any payments to the student loan creditors.

*Insert additional claims as needed.*

**5.3  Other separately classified nonpriority unsecured claims.**
*Check one.*

[x] **None.** *If "None" is checked, the rest of Part 5.3 need not be completed or reproduced.*

[ ] The nonpriority unsecured allowed claims listed below are separately classified and will be treated as follows:

| Name of creditor | Basis for separate classification and treatment | Amount to be paid on the claim | Interest rate |
|---|---|---|---|
| | | $ | % |
| | | Disbursed by:<br>[ ] Trustee<br>[ ] Debtor<br>[ ] Other: | |

*Please explain any disbursements to be made by someone other than the Chapter 13 Trustee or the Debtor:*

*Insert additional claims as needed.*

## Part 6:  Executory Contracts and Unexpired Leases

**6.1  The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.**
*Check one.*

[x] **None.** *If "None" is checked, the rest of Part 6.1 need not be completed or reproduced.*

**The remainder of this paragraph will be effective only if the applicable box in Part 1 of this Plan is checked.**

[ ] **Assumed items.** Current installment payments will be disbursed either by the Chapter 13 Trustee, directly by the Debtor, or as otherwise specified below, subject to any contrary order or rule. Arrearage payments will be disbursed by the Chapter 13 Trustee.

| Name of creditor | Description of leased Property or executory | Current installment payment | Amount of arrearage | Treatment of arrearage |
|---|---|---|---|---|

7

| contract | | to be paid |
|---|---|---|
| | $ | $ |

Disbursed by:
☐ Trustee
☐ Debtor
☐ Other:

*Please explain any disbursements to be made by someone other than the Chapter 13 Trustee of the Debtor:*

*Insert additional contracts or leases as needed.*

## Part 7: Vesting of Property of the Estate

7.1 Property of the estate includes all of the property specified in 11 U.S.C. § 541 and all property of the kind specified in 11 U.S.C. § 1306 acquired by the Debtor after commencement of the case but before the case is closed, dismissed, or converted to one under another chapter of the Code. All property of the Debtor remains vested in the estate and will vest in the Debtor upon entry of the final decree.

## Part 8: Nonstandard Plan Provisions

### 8.1 Nonstandard Plan Provisions

A nonstandard provision is a provision not otherwise included in Official Form 113 or one deviating from it. Nonstandard provisions set out elsewhere in this Local Plan are adopted in Part 8.

**The remainder of this paragraph will be effective only if the applicable box in Part 1 of this Plan is checked.**

8.1.1 Insurance information for all secured claims (real property or motor vehicles):

| Collateral | Insurance Agent and Address | Vehicle Mileage | VIN |
|---|---|---|---|
| 8456 Twickenham Terrace, Harrisburg, NC 28075 | 100 Erie Insurance Place Erie, PA 165301 | | |
| Tiger Exp. Triumph Mileage 9300 Purchased 2019 | USAA 9800 Fredericksburg Road San Antonio TX | 9,300 | |
| 2018 Nissan Murano 34,000 miles Purchased 2019 | USAA 9800 Fredericksburg Road San Antonio TX | 34,000 | |

*Insert additional insurance information as needed.*

8.1.2 To receive payment from the Chapter 13 Trustee, either prior to or following confirmation, both secured and unsecured creditors must file proofs of their claims. Secured claims that are not timely filed may be disallowed or subordinated to other claims upon further order of the Court.

8.1.3 Confirmation of the Plan does not bar a party in interest at any time from objecting to a proof of claim for good cause shown.

8.1.4 Unless otherwise specifically ordered, any creditor holding a claim secured by property which is removed from the protection of the automatic stay, whether by judicial action, voluntary surrender, or through operation of the Plan, will receive no further distribution from the Chapter 13 Trustee unless an itemized proof of claim for any unsecured deficiency balance is filed within 120 days (or 180 days if the property is real estate or manufactured housing), or such other period as the Court orders, after the removal of the property from the protection of the automatic stay. The removal date shall be the date of the entry of an order confirming the Plan, modifying the Plan, or granting relief from stay. This provision also applies

8

to other creditors who may claim an interest in, or a lien upon, property that is removed from the protection of the automatic stay or surrendered to another lien holder.

8.1.5   If a claim is listed in the Plan as secured and the creditor files a proof of claim as an unsecured creditor, the creditor shall be treated as unsecured for purposes of distribution and for any other purpose under the Plan and the debt shall be subject to discharge.

8.1.6   All arrearages paid under the provisions of the Plan will either accrue interest at the rate set forth in the Plan or will accrue no interest if the Plan so designates. For purposes of distribution, an "Administrative Arrearage" as defined by Local Rule 3003-1 will be included as a separate arrearage claim for payment by the Chapter 13 Trustee or added to any pre-petition arrearage claim.

8.1.7   The Debtor shall notify the Chapter 13 Trustee of any substantial acquisitions of property or significant changes in net monthly income that may occur during the pendency of the case and shall amend the appropriate schedules previously filed in the case accordingly.

8.1.8   Confirmation of the Plan shall impose a duty on Conduit Creditors and/or mortgage servicers of such Creditors, with respect to application of mortgage and mortgage-related payments, to comply with the provisions of 11 U.S.C. § 524(i), Local Rule 3003-1, and Local Rule 4001-1(e) relating to Arrearages, Administrative Arrearages, Mortgage Payments, and Conduit Mortgage Payments. The terms of Local Rule 3003-1 are specifically incorporated herein by reference as if completely set forth with respect to the acceptance and application of all funds pursuant to the Conduit Mortgage Payment Rule. As a result, all Conduit Creditors and/or servicers for Conduit Creditors shall have an affirmative duty to do the following upon confirmation of the Plan:

(a)   Properly apply all post-petition payments received from the Chapter 13 Trustee and designated to the pre-petition arrearage claim and the administrative arrearage claim only to such claims;

(b)   Properly apply all post-petition payments received from the Chapter 13 Trustee and designated as Conduit Mortgage Payments beginning with the calendar month and year designated for such payment by the Court in the Order Confirming Plan;

(c)   Properly apply all post-petition payments received directly from the Debtor in a non-conduit mortgage plan only to post-petition payments unless otherwise ordered by the Court;

(d)   Refrain from assessing or adding any additional fees or charges to the loan obligation of the Debtor based solely on a pre-petition default;

(e)   Refrain from assessing or adding any additional fees or charges to the loan obligation of the Debtor (including additional interest, escrow, and taxes) unless notice of such fees and charges has been timely filed pursuant to the applicable Federal Rule of Bankruptcy Procedure and a proof of claim has been filed and has not been disallowed upon objection of the Chapter 13 Trustee or the Debtor;

(f)   To the extent that any post-confirmation fees or charges are allowed pursuant to the applicable Federal Rule of Bankruptcy Procedure and are added to the Plan, to apply only payments received from the Chapter 13 Trustee that are designated as payment of such fees and charges only to such fees and charges; and

(g)   To the extent that any post-confirmation fees or charges are allowed pursuant to the applicable Federal Rule of Bankruptcy Procedure and are NOT added to the Plan, to apply only payments received directly from the Debtor and designated as payments of such fees and charges only to such fees and charges.

8.1.9   If the periodic Conduit Mortgage Payment changes due to either changed escrow requirements or a change in a variable interest rate, or if any post-petition fees or expenses are added to the Plan, and an increase in the plan payment is required as a result, the Debtor shall thereafter make such increased plan payment as is necessary. Provided, however, that the Conduit Creditor shall have complied with the requirements of the applicable Federal Rule of Bankruptcy Procedure for the allowance of such Conduit Mortgage Payment change or addition of such fees and expenses. The Chapter 13 Trustee shall file notice of the required plan payment increase with the Court and serve a copy of the notice on the Debtor. Service of the notice shall be made on the attorney for the Debtor through CM/ECF

8.1.10   All contractual provisions regarding arbitration or alternative dispute resolution are rejected in connection with the administration of this Chapter 13 case.

8.1.11   Standing Stay Modification: The automatic stay provided in 11 U.S.C. § 362(a) is modified in Chapter 13 cases to permit affected secured creditors to contact the Debtor about the status of insurance coverage on property used as collateral and, if there are direct payments being made to creditors, to allow affected secured creditors to contact the Debtor in writing about any direct payment default and to require affected secured creditors to send statements, payment coupons, or other correspondence to the Debtor that the creditor sends to its nonbankruptcy debtor customers. Such actions do not constitute violations of 11 U.S.C. § 362(a).

8.1.12   Proposed Order of Distribution: Unless otherwise specifically ordered by the Court, Chapter 13 Trustee payments to creditors will be disbursed in the following order of priority:

(a)   Administrative, including administrative priority, and secured claims to be paid in full; then,

9

    (b)    Pre-petition priority unsecured claims to be paid in full; then,

    (c)    Nonpriority unsecured claims.

8.1.13 Any creditor's failure to object to confirmation of the proposed Plan shall constitute the creditor's acceptance of the treatment of its claim(s) as proposed in the Plan.

8.1.14 The Chapter 13 Plan must pay claimants for a minimum of 3 years and a maximum of 5 years, unless claimants are paid in full (100% of claims) or unless otherwise ordered by the Court.

8.1.15 **Other Non-Standard Provisions, including Special Terms:**

**The Debtors co-signed this car loan for their son, Michael Roundtree. This car is Michael Roundtee's primary vehicle. The monthly car payment to Founders Federal Credit Union is paid directly by Michael Roundtree and will continue to be paid directly and outside of this Chapter 13 Plan. The Chapter 13 Trustee shall not make payments to Founders Federal Credit Union for the 2014 Nissan Sentra.**

**The Debtors shall pay for all of their student loans, including US Department of Education Great Lakes and the Department of Education Nelnet directly and outside of the Chapter 13 Plan. The Chapter 13 Trustee shall not make any payments to the student loan creditors.**

**Part 9:** **Signature(s):**

**9.1 Signatures of Debtor and Debtor's Attorney**

I declare under penalty of perjury that the information provided in this Chapter 13 Plan is true and correct as to all matters set forth herein.

_____
Signature of Debtor 1

Executed on  9/21/2020
         MM / DD / YYYY

_____
Signature of Debtor 2

Executed on  9/21/2020
         MM / DD / YYYY

I hereby certify that I have reviewed this document with the Debtor and that the Debtor has received a copy of this Document.

/S/ DIANA A. SAFFA
Signature of Attorney for Debtor

Date  9/21/2020
     MM / DD / YYYY

Although this is the Local Plan for the Western District of North Carolina that includes nonstandard provisions as noted in the Plan, the Debtor and the Debtor's attorney certify by filing this document that the wording and order of the provisions in this Chapter 13 Plan are substantially similar to those contained in Official Form 113.

## CERTIFICATE OF SERVICE

This is to certify that I have this day served each party or counsel of record indicated on the list attached hereto in the foregoing matter with a copy of this Chapter 13 Plan by depositing in the United States mail a copy of same in a properly addressed envelope with first class postage thereon. Attorneys were served electronically

This is the 21 day of Sept., 2020

/s/ DIANA A. SAFFA
DIANA A. SAFFA, ESQ. 48426
Attorney for the Debtor
SAFFA LAW GROUP, PLLC
10700 Sikes Place, Suite 390
Charlotte, NC 28277
(704) 246-8203
N.C. State Bar No. 48423

11